IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) SCOTT PHILLIPS, Individually and as the
Special Administrator of the Estate of
MALINDA J. PHILLIPS, Deceased,

    Plaintiff,

v.

(1) UNITED STATES OF AMERICA,

    Defendant.

Case No. 20-CV-00232-RAW

## JUDGMENT

On June 27, 2023 this cause came on for Non Jury Trial, whereupon evidence and arguments were presented. On January 4, 2024, the second and final day was trial was completed with closing arguments and findings of fact and conclusions of law announced by the court pursuant to Fed. R. Civ. P. Rule 52(a)(1).

This is an action for wrongful death brought by Plaintiff, Scott Phillips, the surviving spouse of Malinda Phillips, who was killed in a motor vehicle collision on January 26, 2018. Mrs. Phillips was traveling on W. Choctaw Street in Tahlequah while Aram Catron was traveling north on West Avenue in Tahlequah. Mr. Catron was speeding and failed to stop at the stop sign at the intersection of West Avenue and W. Choctaw Street and struck Ms. Phillips' vehicle at a high rate of speed, killing her.

Plaintiff alleged that at the time of the collision, Catron was being pursued by Preston Oosahwee, a Deputy Marshal employed by the Cherokee Nation Marshal Service ("CNMS"). Plaintiff claimed that Mr. Oosahwee pursued Mr. Catron despite there being no reasonable justification for the pursuit and despite the pursuit being prohibited by CNMS pursuit policy.

1

Plaintiff further alleged that Mr. Oosahwee's actions in engaging and continuing the pursuit over considerable distances, at high rates of speed, through highly populated and trafficked areas despite the obvious dangers to the public was in reckless disregard of the rights of the public, including Mrs. Phillips, and in contravention of applicable law.  Plaintiff further alleged that Mr. Oosahwee's conduct caused Mr. Catron to drive recklessly, at high rates of speed, and strike Mrs. Phillips' vehicle, causing her death.

The United States denied the allegations of the Plaintiff, contended Mr. Oosahwee acted reasonably and with due regard to the safety of the public in carrying out his law enforcement responsibilities on January 26, 2018, and denied that Plaintiff is entitled to damages.  Further, Defendant contended that Plaintiff's claims were barred to the extent they were based on the exercise or performance or the failure to exercise or perform a discretionary function or duty under 28 U.S.C. § 2680(a).  The United States contended that should it be found liable, a significant portion of fault should be assessed to Mr. Catron pursuant to Oklahoma's several liability statute 23 Okla. Stat.§ 15.

## **STANDARDS**

Under the Federal Tort Claims Act, liability is determined in accordance with "the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  In Oklahoma, a party asserting a negligence claim has the burden of providing (1) that he sustained injury;  (2)  that the party from whom he seeks to recover was negligent; and (3) that such negligence was a direct cause of the injury sustained.  OUJI 9.1.  "Negligence" is the failure to exercise ordinary care to avoid injury to another.  OUJI 9.2.

For a law enforcement officer to meet the standard of "ordinary care during a police pursuit, he must drive with due regard for the safety of all persons, and the officer is liable for the consequences of reckless disregard for the safety of others. 47 O.S. §11-106(E); *State ex rel. Oklahoma Department of Public Safety v. Gurich*, 2010 OK 56, 238 P.3d 1, 6-8.  In this context, an officer acts with "reckless disregard" where there is "a high probability that the conduct would cause serious harm to another person." *Id.* At 7, n. 4 (citing W. Page Keeton, et.al., *Prosser and Keeton on Torts,* 212 (5th ed. 1984) and Okla. Uniform Jury Instr. Nos. 5.6 and 9.17.

The discretionary function exception of the FTCA maintains sovereign immunity when employees perform a discretionary action on behalf of the Government.  *See Anthony v. United States*, 2020 WL 5974583, *2 (D. Ariz.  Oct. 8, 2020).  "First, courts ask whether there is a truly discretionary action, one that is the 'product of judgment or choice' and not mandatory directive." *Id*. (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).  If so, courts then ask "whether the action is 'susceptible to a policy analysis.'" *Id.*  (quoting *United States v. Gaubert, 499 U.S. 315, 325 (1991))*.  "An action is not discretionary where a statute, regulation, or policy mandates certain conduct, because the employee has 'no room for choice.'" *Tolbert v. Gallup Indian Medical Center*, 555 F.Supp.3d 1207, 1226 (D.N.M. Aug. 17, 2021) (emphasis added), quoting *Gaubert*, 499 U.S. at 324.

Generally tortfeasors are thought of as joint tortfeasors when there is some concerted action on their part causing injury – when there is some common purpose or design." *Kirkpatrick v. Chrysler Corp.,* 920 P.2d 122, 126 (Okla. 1996).  "Tortfeasors are classified as concurrent tortfeasors when their independent acts concur to produce a single indivisible injury." *Id*.  The distinction between the two being that "concert of action (or omission)" is lacking with concurrent tortfeasors "but a single or indivisible injury or harm is nonetheless produced."  *Id.*.

3

## **FINDINGS AND CONCLUSIONS**

As outlined in the Pretrial Order and as found by the court on the record, the issues of fact for the court to decide were whether Deputy Oosahwee breached a duty of care owed to Mrs. Phillips; whether the breach was the proximate and legal cause of Mrs. Phillips' death; the percentage of liability attributed to Mr. Catron; and the amount of Plaintiff's damages. The legal issues for the court to decide are whether the discretionary function exception of the Federal Tort Claims Act bars Plaintiff's claim[1] and the application of the several liability provisions of 23 O.S. § 15.

In reaching the decision, the court relied on all the pleadings and briefs filed of record, including the final and controlling pretrial order and especially the parties' stipulations. The court reviewed the deposition transcripts of experts, Stan Smith, Mr. Kasaris, and Robert Painter.[2] This Judgment is a brief summary and supplement to the findings and conclusions mady by the court at the end of the trial.

Accordingly, the court found that Mrs. Phillips was free of negligence. The court further found that Deputy Oosahwee was not sufficiently trained in pursuit policies and that he was, in fact, reckless. Recklessness occurs when an officer acts in a way that there is a high probability that serious bodily harm would result to another person. The CNMS pursuit policies clearly apply to and prohibited a pursuit in this situation. Deputy Oosahwee engaged Mr. Catron in a pursuit, in which Mr. Catron collided with Malinda Phillips, who experienced pain, suffering, and trauma before she died after being found alive with a pulse.

CNMS pursuit policy allows pursuit when the suspect driver is suspected of committing a serious felony. Mr. Catron was suspected only of misdemeanor shoplifting. Pursuit policy

---

[1] Because the court rejects the applicability of the discretionary function exception, this court has jurisdiction.
[2] The court found the experts qualified, their methodology sound and their opinions relevant and helpful to the court.

requires an officer to notify command upon initiation of all pursuits.  Deputy Oosahwee did not do so.  The CNMS pursuit policy regulations dictate that a pursuing officer is only authorized to violate traffic regulations to the extent permitted by applicable tribal or state code and that the pursuing officer remains criminally and civilly responsible for their actions.  Oklahoma law provides when in the pursuit of an actual or suspected violation of the law, a law enforcement officer may exceed maximum speed limits so long as speeding does not endanger life or property, only when the driver is properly and lawfully making use of an audible signal or flashing blue lights.  Deputy Oosahwee did not follow these portions of Oklahoma law.  As a result, the court found that Deputy Oosahwee violated the CNMS policy and state traffic laws.

  Mr. Catron was driving at approximately 80 miles an hour when he struck Mrs. Phillips, and the Court found that he had been driving at 90 to 100 miles an hour and that Deputy Oosahwee was following close behind, thereby going close to the same speed.  Deputy Oosahwee aggravated his reckless conduct by driving as a very high rate of speed through a congested area, known to have senior centers and child-care facilities, and also by driving into oncoming traffic without having his lights activated.

  On the issue of causation a court may reasonably infer that Mr. Catron knew we was being chased by driving at over 90 miles an hour when there was a police car driving behind him with lights and sirens.  It was basically admitted by Deputy Oosahwee when he told the dispatcher, "He's trying to get away from me."  The court found that Deputy Oosahwee himself recognized that Mr. Catron was fleeing and that there was a pursuit going on.

  The court further found that Mrs. Phillips is entitled to damages for physical and mental pain she endured before dying and for her death.  Mr. Phillips is entitled to damages for mental pain and suffering, loss of consortium, loss of household services, and the wages and

compensation of Mrs. Phillips. Malinda Phillips' daughters are entitled to damages for loss of companionship and parental care.

With regard to the discretionary function exception and whether the CNMS policy was a federal policy, the court found that the CNMS and federal law enforcement are so intertwined that that, in itself, would make the CNMS pursuit policy a federal directive. That intertwinement of the federal government and this policy can be explained by the CNMS receiving funding from the United States through a self-determination contract entered into according to the Indian Self Determination and Education Assistance Act 25 U.S.C. § 2804. Deputy Oosahwee was on patrol in Tahlequah on January 26, 2018, pursuant to Law Enforcement Agreement and compact entered into between the Cherokee Nation, the United States of America, the State of Oklahoma and its political subdivisions, the various Boards of County Commissioners, and various Law Enforcement Agencies, pursuant to the Indian Law Enforcement Reform Act. 25 U.S.C.A. § 2804, *et. seq.* Thus, Deputy Oosahwee did not engage in a discretionary act.

The court finds that while Mr. Catron played a part in the death of Mrs. Phillips, it is not appropriate to apportion any of the fault for Mrs. Phillips' death on him. The court finds that 23 O.S. § 15 does not apply because Mr. Catron and Deputy Oosahwee are not "joint tortfeasors," as required by the statute. Rather, the court finds that Mr. Catron and Deputy Oosahwee are "concurrent tortfeasors" and therefore each responsible for the damages resulting from their negligence. *Carroll v. United States,* No CIV-15-674-D, 2017 WL 1507454, at *5 (W.D. Okla. Apr. 27, 2017) (noting that concurrent tortfeasors "are each responsible for the entire result if the plaintiff is free from negligence").

In accordance with the findings of fact and conclusions of law entered by this court on January 4, 2024 and summarized above, judgment is hereby entered in favor of Plaintiff and against Defendant in the total amount of $7,369,373.00 allocated as follows:

(1) Loss of Malinda Phillips' future wages at $1,481,190.00;

(2) Loss of Malinda Phillips' household contributions in the amount of $1,388,183.00;

(3) Malinda Phillips pain and suffering in the amount of $500,000.00.

(4) Loss of consortium, Scott Phillips, in the amount of $2,000,000.00.

(5) The grief of Maggie Phillips, along with the loss of parental care, companionship and guidance from Malinda Phillips in the amount of $1,000,000.00.

(6) The grief of Allison Phillips, along with the loss of parental care, companionship and guidance from Malinda Phillips in the amount of $1,000,000.00.

IT IS SO ORDERED this 27th day of February, 2024.

*[signature: Ronald A. White]*

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**